**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TUNJI KINCAID (a/k/a RAYMOND**
**KINCAID),[1]**

      **Petitioner,**

**v.**                                   **Civil Action No. 2:15cv94**
                                            **(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

On December 4, 2015, the *pro se* petitioner, an inmate then-incarcerated at USP Hazelton[2] in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his sentence, imposed in the United States District Court for the Central District of Illinois. ECF No. 1 at 2. Because he had not paid the filing fee nor filed a motion to proceed as a pauper with supporting documents, the Clerk of Court issued a Notice of Deficient Pleading, directing him to do so within twenty-one days, or by December 26, 2015. On January 6, 2016, having received no response to the deficiency notice, a Show Cause Order was entered, giving Petitioner fourteen days to show cause why his case should not be dismissed for failure to prosecute. Two days later, Petitioner paid the $5.00 filing fee. On January 25, 2016, Petitioner filed a response to the Show Cause Order.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

---

[1] Although Petitioner is listed with the BOP as "Tunji Kincaid," his underlying criminal case in the Central District of Illinois shows his name as "Tunji Kincaid, a/k/a Raymond L. Kincaid."

[2] Petitioner is now incarcerated at FCI Gilmer in Glenville, West Virginia.

# I. Factual and Procedural History

## A. Conviction and Sentence[3]

Petitioner contends that on November 9, 1998, he was charged in a single-count indictment with possession of a controlled substance, i.e., cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B). ECF No. 1-1 at 3.

He further contends that on April 5, 1999, he pled guilty to possession of cocaine base (crack) with the intent to distribute. Id. In the Presentence Investigation Report ("PSR"), Kincaid was held accountable for 12.4 grams of crack, which subjected him to a statutory term of ten years to life. 21 U.S.C. § 841(b)(1)(B) (1998). The PSR also found that Kincaid was a career offender. See PSR, ECF No. 30, ¶ 24 at 6; U.S.S.G. § 4B1.1(a). Based on an offense level of 34 and a criminal history category of VI, Kincaid's sentencing guideline range was 262 to 327 months' imprisonment. Id., ¶ 78 at 24. At the August 1999 sentencing hearing, the Court adopted the PSR and sentenced Defendant to 282 months' imprisonment. See Judgment [ECF No. 29]; August 6, 1999 Minute Entry.

## B. Direct Appeal

It does not appear that Petitioner filed a direct appeal of his conviction and/or sentence, although Petitioner contends otherwise.[4] ECF No. 1 at 3 - 4.

---

[3] The citations in this section are to Petitioner's underlying criminal case in the Central District of Illinois, Case No. 3:98cr30090-1. Even though Petitioner's criminal case was filed was 1998, the first entry shown on the docket of Petitioner's underlying criminal case is dated July 6, 2009 and the last, December 2, 2014. Accordingly, the *pro se* law clerk obtained a paper copy of the entire docket from the Clerk of Court. Because the early entries on the docket were not viewable, the limited facts and description of Petitioner's underlying crimes of conviction and prosecution were taken directly from the District Court's September 17, 2012 opinion denying Petitioner's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense and his Leave to Request the Court to Take Judicial Notice of Defendant's Letter in Response to Chief Public Defender July 19, 2012's [sic] Letter and Motion to Withdraw as Counsel. See United States v. Kincaid, C.D. Ill. Case No. 3:98cr30090-1 ECF No. 55.

[4] Petitioner claims that the 7th Circuit Court of Appeals gave him a "moot" decision on this appeal in July, 2012, but a search of PACER, Lexis, and the record reveals that the only "moot" decision entered in Petitioner's case around that time was a September 17, 2012 District Court opinion denying Petitioner's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense and his Leave to Request the Court to Take Judicial Notice of

**C. §2255 Motion**[5]

Kincaid's § 2241 petition does not allege that he ever filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. However, a copy of the docket obtained from the Central District of Illinois' Clerk of Court reveals that Petitioner did file a § 2255 motion on May 14, 2001. ECF No. 1. Because the early docket is not hyperlinked, it is unknown what the Petitioner's claims were. The motion was denied by Order entered August 28, 2001. ECF No. 9. Over one year later, Petitioner filed a notice of appeal in the District Court, along with a motion for leave to file an out of time Notice of Appeal and for a certificate of appealability. ECF No. 11. By September 26, 2002 Minute Entry, Petitioner's Motion was deemed untimely filed, and therefore, was denied as outside of the court's jurisdiction.

## II. Claims Raised by Petitioner

Petitioner contends that he is factually innocent of the "misapplied current application of the guideline base scoring attributed to him," which resulted in a total offense level of 29, which should have situated him "within a guideline corrected range of 151 – 188 months, well below the misapplied 282-months term of imprisonment" he received. ECF No. 1-1 at 6.

Petitioner's sole response to the question on the form § 2241 petition, asking whether the grounds raised in the petition had ever been presented to any other court, was "see attached

---

Defendant's Letter in Response to Chief Public Defender July 19, 2012's [sic] Letter and Motion to Withdraw as Counsel. United States v. Kincaid, 2012 U.S. Dist. LEXIS 132230 (C.D. Ill. Sep. 17, 2012). However, the search of PACER and Lexis did reveal that after sentencing, Petitioner filed an appeal over the District Court's earlier denial of his motion to suppress evidence. The Seventh Circuit Court of Appeals affirmed the district court's decision. United States v. Kincaid, 212 F.3d 1025 (7th Cir. May 16, 2000). While Petitioner also contends that he petitioned the United States Supreme Court for a writ of *certiorari* over this purported unsuccessful direct appeal, receiving a "moot" decision on May 18, 2001 [ECF No. 1 at 3 – 4], it is apparent that that could not have been possible, given the purported July 2012 date of the decision being appealed. Moreover, a PACER search does not reveal any record of a petition for *certiorari* filed by Petitioner from 2000 to the present.

[5] The citations in this section are to Petitioner's § 2255 civil case in the Central District of Illinois, Case No. 3:10cv03152.

memorandum of law." ECF No. 1 at 7. However, nowhere in the attached memorandum does Petitioner address the question.

As relief, Petitioner requests that this court "remand this case for resentencing." Id. at 7. Elsewhere, he requests "execution of his conviction and sentence" and "release from confinement of [sic] an illegal or expired sentence." Id. at 1.

Petitioner asserts that he recognizes that it is his burden to demonstrate that 2255 is inadequate or ineffective, under this Circuit's savings clause test[.]" Id. at 5. However, he fails to actually offer an explanation as to why § 2255 is inadequate or ineffective in his case. Id.

## III. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim

cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## IV. <u>Analysis</u>

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. <u>In re Vial</u>, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in <u>Jones</u>, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, to the extent that the petitioner appears to be challenging his sentence for a violation of 21 U.S.C. § 841(a)(1), it is clear that the petitioner cannot meet the savings clause because this act remains a criminal violation. Moreover, to the extent the petitioner is challenging his sentence as a career offender, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner cannot establish that the conduct for which he was actually convicted, possession of cocaine base (crack) with the intent to distribute, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is

actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in <u>Petty</u>, and the guidance of the Fourth Circuit in <u>Darden</u>, the undersigned concludes that the petitioner has failed to state a cognizable § 2241 claim. <u>See also</u> <u>Little v. Hamidullah</u>, 177 F. App'x 375, 375-76 (4th Cir. 2006): <u>Green v. Hemingway</u>, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); <u>Kinder v. Purdy</u>, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); <u>White v. Rivera</u>, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); <u>Boynes v. Berkebile</u>, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## V. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely**

**file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to correct the docket to reflect the name of Jennifer Saad as respondent instead of Charles Williams. The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: August 2, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE